United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Rodriguez Cruz, Plaintiff, )<br>)<br>v.                                                           )<br>)<br>Bruce and others, Defendants.        ) | Civil Action No. 22-22825-Civ-Scola |

### **Order Granting Motion for Leave to Proceed *In Forma Pauperis*
and Striking Complaint**

  This matter is before the Court upon Plaintiff Francisco Rodriguez Cruz's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Rodriguez's motion to proceed without prepaying his fees or costs (**ECF No. 3**); however, at the same time, the Court **strikes** his complaint (**ECF No. 1**), **with leave to amend**, for the reasons set forth below.

  While the precise contours of Rodriquez's claims are not entirely clear, it appears he seeks to recover $1068 from the Defendants, Israel Molina and two others—Bruce and Jerome—whose last names Rodriguez does not provide, because (1) the Defendants refuse to open the office bathroom; (2) the office is not clean; (3) his bookbag was destroyed on August 19, 2022; and (4) he is being discriminated against.

  28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

"A complaint is 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Jackson v. Lehern McGovern Bovis, Inc.*, 1:16-CV-02987-CAP, 2017 WL 11144693, at *2 (N.D. Ga. Feb. 13, 2017), *report and recommendation adopted,* 1:16-CV-2987-CAP, 2017 WL 11150834 (N.D. Ga. Mar. 3, 2017) (citing *Davis v. Ryan Oaks Apartment*, 357 Fed. App'x 237, 238–39 (11th Cir. Dec. 17, 2009) and *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking)).

Although Rodriguez has indicated on his civil cover sheet that his case involves "other civil rights," and mentions discrimination, generally, in his complaint, he doesn't otherwise elaborate on the nature of the discrimination, who is inflicting it, or on what basis. Accordingly, the Court can discern no actual federal question from any claim Rodriguez might have against the Defendants. Instead, it appears Rodriguez's grievances against the Defendants all arise under state law. To the extent, then, that Rodriguez seeks to invoke the Court's diversity jurisdiction, he must allege facts sufficient to show that the parties are diverse and that the amount in controversy exceeds the $75,000 jurisdictional threshold. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Here, Rodriguez does not recite either his or any of the Defendants' citizenship within the body of his complaint but indicates, on his civil cover sheet, that he and the Defendants are all citizens of Florida. (Civ. Cover, ECF No. 1-1.) Not only, then, is the Court unable to determine that the parties are diverse, but Rodriguez's affirmative indications imply that, indeed, they are not. Furthermore, as a separate defect, it appears that the amount in controversy does not meet the jurisdictional threshold of $75,000.

Notwithstanding the jurisdictional hurdles, Rodriguez's complaint is also substantively and procedurally deficient. Despite its brevity, it is, nonetheless, a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8 and 10, "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court should strike the pleading and instruct the party to replead the case, assuming the litigant can "in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). Although "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a *pro se* litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015).

Importantly, as here, "[a] 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." *LaCroix*, 627 Fed. App'x at 818 (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)). A typically confusing aspect of many shotgun pleadings involving multiple defendants is the lumping together of all those defendants within the same count. This problem is particularly acute in this case where Rodriguez alleges each purported cause of action against all the Defendants named in this case, en masse, without specifying which acts each Defendant is individually responsible for. This makes it impossible for the Defendants, or the Court, to ascertain exactly what Rodriguez is claiming each Defendant actually did. Furthermore, Rodriguez's complaint is mostly devoid of any actual facts, setting forth identifiable, fact-based support, for any particular allegations of wrongdoing. To fix these problems, the complaint must contain specific allegations with respect to each defendant, separating the distinct allegations against the various Defendants into separate counts, which must each identify a particular cause of action.

In sum, then, Rodriguez's allegations make it nearly impossible for the Court to discern (1) which allegations apply to which claims; (2) what causes of actions are alleged and as to which defendants; and (3) what facts support Rodriguez's allegations of wrongdoing. In other words, the complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up). Instead, the complaint supplies only a loose association of wrongs and unexplained injuries, without sorting any discernable facts into a comprehensible narrative as to each Defendant's actual specific liability.

Accordingly, the Court **strikes** Rodriguez's complaint (**ECF No. 1**) and instructs him to **replead** his case though an amended complaint, if he can, in good faith, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them. Rodriguez is cautioned to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action. Further, in compliance with Federal Rule of Civil Procedure 10(b), Rodriguez must state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs Rodriguez to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims, and to make sure that he endeavors to separate different causes

of actions, to the extent there is more than one, into separate, numbered counts.

Additionally, as explained above, because the Court cannot discern if it has subject-matter jurisdiction over this case, whether through a federal question or diversity, Rodriguez must also set forth, in his amended complaint, if he can do so in good faith, facts establishing the Court's jurisdiction.

Rodriguez must file his amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **October 12, 2022**. Rodriguez is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not including Rodriguez's motion to proceed *in forma pauperis*, are **denied as moot**.

**Done and ordered**, in Miami, Florida, on September 21, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. mail, to*:
**Francisco Rodriguez Cruz**
15605 SW 295 Tr
Homestead, FL 33033